FT. WORTH & DENVER CITY RAILWAY COMPANY v. G. W. KIDWELL.

No. 3103. Decided November 29, 1922.

(245 S. W., 667).

1.—Charge of Court—Objections.

The Act of March 29, 1913, Laws, 33d Leg., p. 113 (amended art. 1971, Rev. Stats.), requiring objections to the charge of the court to be presented before it is read to the jury, does not attempt to prescribe what shall be considered a sufficient objection, but leaves this to the courts. It is sufficient if it presents distinctly the error complained of. Gulf T. & W. Ry. Co. v. Dickey, 108 Texas, 126, distinguished. (pp. 94, 95).

**2.—Same—Sufficiency of Objection.**

An objection to a charge on the care required of a carrier of passengers which states the charge complained of and objects, that it "placed a far more onerous burden upon the railroad company than the law placed upon them," was sufficient to entitle the complaining party to raise the question as to error therein in requiring that degree of care which would be exercised by very cautious, prudent and competent persons under similar circumstances as applied to one who had not yet taken passage on the carrier's train, but was using its station platform as a means of approach thereto; and this though the assignment of error and the argument in the brief were directed to other objections to the charge, and this criticism was first urged as fundamental error on a motion for rehearing. Earle v. Thomas, 14 Texas, 593; Clarendon Ld. & Inv. Agency Co. v. McClelland Bros., 86 Texas, 188; Brackenridge v. Claridge, 91 Texas, 527; Green v. Hall, 228 S. W., 184; followed. (pp. 91-96.)

**3.—Carriers of Passengers—Degree of Care—Defective Station Platform—Injury Before Taking Passage.**

On the question of negligent injury by defect in a station platform, a charge holding the carrier liable for failure to "exercise such a high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons under similar circumstances" required no higher degree of care than the law warranted, though applied to the case of injury to one who had not yet entered the cars, but, having, for his own purpose walked to the end of the platform, fell into a hole therein while returning to board the train. (p. 96).

**4.—Cases Followed.**

International & G. N. Ry. Co. v. Halloren, 53 Texas, 46; Allen v. Galveston City Ry. Co., 79 Texas, 631; International & G. N. Ry. Co. v. Welch, 86 Texas, 204; Missouri. K. & T. Ry. Co. v. Harrison, 56 Texas Civ. App., 17; San Antonio & A. P. Ry. Co. v. Turney, 33 Texas Civ. App., 626; Texas Cent. Ry. Co. v. Cameron, 149 S. W., 711; Gulf, C. & S. F. Ry. Co. v. Butcher, 83 Texas, 316; approved and followed. (pp. 96, 97).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Clay County.

The questions certified were by the Supreme Court referred to the Commission of Appeals, Section A, for an opinion thereon; and this having been adopted by the Supreme Court as its own was certified as such to the Court of Civil Appeals.

*Thompson, Barwise & Wharton,* and *Taylor, Allen & Taylor,* for appellant.

*Wantland & Parrish* and *N. A. Stedman,* for appellee.

Mr. Judge RANDOLPH, delivered the opinion of the Commission of Appeals, Section A.

The following statement and certified questions from the Court of Civil Appeals for the Second District, in the above cause, have been submitted to us for consideration and report by the Supreme Court. The certificate and statement are as follows, to-wit:

"The above styled and numbered cause originated in the District Court of Clay County, Texas. Plaintiff sued for alleged personal injuries caused by his falling into a hole, excavation, or depression in the platform of defendant company's depot at the town of Vernon, Texas. He alleged that he had purchased a ticket over defendant's line on August 8, 1916, and was on the platform waiting for the arrival of the train to take him to his destination, and upon said train's arrival, he started toward the train for the purpose of becoming a passenger thereon, and fell into this hole or excavation, whereby he claimed to have suffered serious bodily injury. Plaintiff alleged negligence on the part of the defendant company in permitting the excavation or hole to be in its platform and in not having it platform and depot sufficiently lighted. After a general demurrer and general denial, defendant specially pleaded a denial that its platform was not well lighted, and specially pleaded contributory negligence on the part of the plaintiff in failing to see and in falling into the hole or excavation in its platform. The cause was submitted to the jury under a general charge, to which defendant filed its written objections. Plaintiff recovered judgment in the sum of $1,000, and defendant appealed.

"On November 10. 1917, this court affirmed the judgment of the trial court, and on December 22, 1917, overruled appellant's motion for rehearing. A copy of the opinion on original hearing as well as that on motion for rehearing accompanies this certificate. Appellant's fourth assignment of error, as contained in its brief, is as follows:

"'Because the court erred in giving to the jury the instruction contained in the Third paragraph of the charge of the court to the jury, wherein he instructed the jury that, 'Railroad companies are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by very cautious prudent and competent persons under similar circumstances, and such a high degree of prudence is required of them.' Because said charge placed a far more onerous burden upon the railroad company than the law placed upon them, and said charge is erroneous, because the law does not make railroad companies insurers of the safety of passengers in any circumstances and does not require that degree of insurance of passengers that is set forth stated in said paragraph of said charge.' 'This assignment is considered as a proposition.'"

Under the heading, "Argument," following this assignment, appellant urged the following as a reason or reasons for the sustaining of the assignment:

"We are aware that the foregoing charge has been approved by the

Supreme Court of Texas, but we think it is in conflict with many other authorities and with the elementary principles of law, and, under the well-established law of this country, the common carrier should not in any case be held to be an insurer of the safety of passengers, but should only be held to exercise that high degree of care which an ordinary prudent person would exercise under the same circumstances, and to instruct a jury that they are in any circumstances insurers of the safety of the passengers is calculated to mislead the jury, and we see no reason why the plain and simple rule which is so easily understood should not always be followed in giving instructions to the jury on the subject, which is, that a carrier of passengers is required to use that high degree of care which a very cautious prudent and competent person would use under like circumstances, and that a failure to use such care is negligence on the part of the carrier. We submit that the authorities approving the foregoing charge should be overruled.''

In its motion for rehearing, for the first time as it seems to us, appellant urged error under fourth assignment on the ground that the third paragraph of the court's charge presented fundamental error, and was erroneous, and urged that 'the undisputed evidence in this case showed that appellee after he purchased his ticket remained outside of appellant's passenger station at Vernon and went to one end of said station on business of his own not connected with that of the appellant, and at the time he alleges he was injured he was returning from said end of the platform where he had gone on business of his own, and, therefore, this being true, and appellee not being on the steps of the appellant's passenger coach, or not attempting to get on said steps, and not being in appellant's passenger coach, at the time he was injured, then under these circumstances appellant did not owe appellee the high degree of care, that is, that degree of care that an ordinary, prudent person would exercise under the same or similar circumstances.'

The objections urged to the third paragraph of the charge in the trial court, before the said charge was submitted to the jury, were as follows:

''The defendant excepts to the third paragraph of said charge, because the same makes railroad companies insurers of the safety of their passengers as far as could be required by the exercise of such a high degree of foresight as to possible dangers, and to such a high degree of prudence in guarding against them, as would be used by a very cautious, prudent and competent person under similar circumstances; whereas, the law does not make railroad companies or common carriers of passengers insurers of their passengers in any sense, and said paragraph three is more onerous on the defendant than the law requires.''

The third paragraph of the court's charge to the giving of which error is assigned under appellant's fourth assignment of error, is as follows:

"Railroad companies are not insurers of the safety of their passengers further than would be required by the exercise of such a high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by a very cautious, prudent and competent person under similar circumstances, and such a high degree of prudence is required of them."

As stated in our opinion on motion for rehearing, we were of the opinion that appellant did not, either in its objection to said paragraph of the charge, presented to the trial court before the giving of the charge, or in its fourth assignment as contained in its motion for new trial in the District Court, or as presented in its brief under the fourth assignment, or in any proposition or argument under said fourth assignment, raise the character of objection to said third paragraph of the court's charge as was raised on its motion for rehearing. Hence, we overruled appellant's motion for rehearing, for the reason there stated, and on the authority of the Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 126, 187 S. W., 184, by the Supreme Court, and other authorities cited; though we were of the opinion that had the objections to this paragraph of the court's charge been presented to the trial court before the charge was submitted, as it was presented to this court on the motion for rehearing, that reversible error would have been shown. We were further of the opinion that the objection urged in the trial court to this paragraph of the court's charge were not sufficient to call the attention of the trial court to the vice complained of in appellant's motion for rehearing.

"Appellant has filed its motion asking us to certify to your honors the question or questions involved, and we have granted said motion, after setting aside the order overruling appellant's motion for rehearing. Appellant now urges that our judgment and conclusion on motion for rehearing is in conflict with the holding by the Supreme Court in the case of Clarendon Land Inv. Agency Co. v. McClelland Bros., 86 Texas, 179, 22 L. R. A., 105, 23 S. W., 1100; with the holding of the Court of Civil Appeals for the Seventh District, in Nunn v. Veale, 149 S. W., 758; with the holding of the Court of Civil Appeals for the Fifth District in Haight & Co. v. Turner and Pierce, 44 Texas Civ. App., 595, 99 S. W., 196, in which writ of error was denied for want of jurisdiction; with the holding of the Court of Civil Appeals for the Fourth District, in Wright, et al., v. U. S. Mtg. Co., 54 S. W., 369; with the holding of the Court of Civil Appeals for the Third District, in Moline Plow Co. v. Mathews, 44 S. W., 699. We are of the opinion that we are not in conflict, either with the Supreme Court or with other courts of Civil Appeals in the several

cases cited, because said decisions were rendered before the amendment of Articles 1970 and 1971 by the 33rd. Legislature, 1913, at its Regular Session, as found on page 113 of said Acts, said numbers being the same as now found in Vernon's Sayles' Tex. Civ. Statutes of 1914. We were, in passing upon the sufficiency of this fourth assignment at the time of overruling appellant's motion for rehearing, and are now, of the opinion that the decisions cited by appellant, and relied on by it, to show error, cannot be held to be authoritative as to the sufficiency of the objections made in the trial court to the charge, and prior to the giving of the charge since all of these decisions were rendered prior to the amendment of our Statutes requiring the trial court to submit his charge in writing to the respective parties or their attorneys for inspection, and requiring said parties to present objections thereto in writing, and providing that 'all objections not so made and presented shall be considered as waived.' We are of the opinion that Article 1971, *supra* was intended by the Legislature to require that in order for objections to the charge to be given force and effect by the appellate court, such objections should be couched in words calling particular attention to the alleged vice in the charge which is urged in the appellate court; that the trial court should have the benefit of the particular objections urged in the appellate court. But because of the claimed conflict, and because the question here involved is one of great interest to the courts and profession in the State, we deem it advisable to certify to your Honors for answer the following questions, to-wit:

"1. Was the objection urged in the trial court to the third paragraph of the court's charge sufficient to call attention of that court to the specific error urged in this court on appellant's motion for rehearing?

"2. Under the circumstances related, did this court err in refusing to sustain appellant's fourth assignment, and in overruling its motion for rehearing?"

Article 1971, Vernon's Civil Statutes referred to in the above certificate in so far as it provides for objections to the trial court's charge is as follows:

"The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

It will be observed that the apparent purpose of this article is to require all objections to the charge to be reduced to writing and presented to the trial court before the charge is read to the jury. There is no indication in the language of the article of any intention

on the part of the Legislature to make any requirement as to what shall constitute a sufficient objection to the charge, and we know of no rule or statute which attempts to make any such provision. It is left to the courts in each case to say whether or not the objection made is sufficient to present the ground of error complained of. This naturally follows from the requirements provided by the rules of court and the statutes as to the grounds set out in the motion for new trial in the lower court and in the assignment of error in the appellate court.

The provision as to the requirements of the motion for new trial in Article 2020, Vernon's Civil Statutes is that the motion shall specify the ground upon which it is founded and also that no grounds other than those specified shall be heard or considered.

Rule 67 Harris' Rules for the Courts (L. K. Smoot Ed.) also requires that grounds of each motion shall refer to that part of the charge complained of in such way as that the point of objection can be clearly identified and understood.

Article 1612, Vernon's Statutes requires that assignments of error filed in the trial court in appeals to the Court of Civil Appeals shall distinctly specify the grounds on which the party appealing relies.

We do not think that the case of Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 126, 187 S. W., 184 is at all decisive of the question before us. While Chief Justice PHILLIPS discusses the articles in Title 13, Revised Statutes at length, it is only for the purpose of reaching a decision as to whether or not a bill of exceptions is required, in addition to the filing of written objections to the trial court's charge.

We are of the opinion that an objection to a charge presents distinctly the error complained of when such objection by a reasonable and fair construction of the language used by the party making same, can be said to present the point of the objection.

In the case at bar, the objection pointed out the particular paragraph of the charge that was complained of and stated the ground of complaint. The trial court having the evidence before him, and having his attention called to the particular paragraph of his charge, and the particular vice alleged to exist in it,—such objection is held by us to be sufficiently presented. The objection to the charge as set out in the certificate presents clearly the question of the degree of care to be used by carriers in the transportation of their passengers as applied to every phase of the case established by the evidence. This notwithstanding plaintiff in error presented an argument discussing another view of the question. The fact that the plaintiff in error in its motion for rehearing, wherein it complains of the action of the Court of Civil Appeals in overuling its fourth assignment, particularizes by quoting the evidence, does not waive its rights under the objection, motion for new trial and assignment of error.

In the case of Earle v. Thomas, 14 Texas, 593, the Supreme Court holds: "It is objected on behalf of the appellee that the assignment of error is in this particular too general. It, however, is sufficiently specific in respect to the charge refused, and that, we think, sufficiently indicates in what respect the charge given was objected to as erroneous. It would have been better if the assignment in reference to the charge given had been more specific. But the charge is so framed as that it would not, perhaps, very readily occur to counsel how else to make the assignment with the brevity and directness desirable in an assignment of errors, for the charge is not objectionable so much on account of the abstract legal propositions announced as on account of the form in which they are announced, considered in reference to the evidence in the case and the impressions they were calculated to make upon the minds of the jury. What shall be a sufficiently special assignment of error is not susceptible of precise definition. It should be such as to draw the mind to the apprehension of the particular error intended to be relied on. But what shall be sufficient for this process still remains to be determined upon the particular circumstances of each case."

The holding in the above case is approved in the case of Clarendon Land Inv. Agency Co. v. McClelland Bros., 86 Texas, 188, 22 L. R. A., 105, 23 S. W., 576, 1100; Brackenridge v. Claridge, 91 Texas, 527, 43 L. R. A., 593, 44 S. W., 819, Green v. Hall, 228 S. W., 184.

We therefore answer the first question in the affirmative.

We understand the second question as presenting the question that the plaintiff in error's fourth assignment of error being considered, does it present such error as requires the Court of Civil Appeals to sustain it and in that respect was the action of the Court of Civil Appeals in overruling said assignment correct?

· The court was undoubtedly correct in its holding that the trial court's charge was correct in its presentation of the degree of care necessary to be exercised by a carrier towards its passengers. International & G. N. Ry. Co. v. Halloren, 53 Texas, 46, 37 Am. Rep., 744; Allen v. Galveston City Ry. Co., 79 Texas, 631, 15 S. W.., 498; International & G. N. Ry. Co. v. Welch, 86 Texas, 204, 40 Am. St., 829; 24 S. W., 390.

The contention of the plaintiff in error that after buying his ticket defendant in error went to the end of the platform to attend to his own business and on his return received the injury, and he was therefore not a "passenger" in the sense that required the highest degree of care for he was not only not on the cars of plaintiff in error, but was returning from transacting his own business and that plaintiff in error only owed him ordinary care.

The fact that defendant in error was on the platform and not in the cars does not alter the degree of care due him by plaintiff in error

In the case of Ft. Worth & D. C. Ry. Co. v. Brown, 205 S. W., 379, Judge Boyce for the Seventh Court of Civil Appeals states the law to be as follows:

"Complaint is made of the charge of the court, which imposed upon the appellant company 'in the treatment of their passengers awaiting trains in their depots . . . that high degree of care that a very cautions and prudent person would have exercised under the same or similar circumstances' on the ground that a rule requiring the exercise of that high degree of care as stated applies only to those duties in connection with the actual transportation of the passengers, and only ordinary care is required in reference to the condition of those stations and premises occupied by those passengers preliminary to, or on termination of the actual transportation."

This holding is supported by the following authorities: Missouri K. & T. Ry. Co. v. Harrison, 56 Texas Civ. App., 17, 120 S. W., 256, (writ denied); San Antonio & A. P. Ry. Co. v. Turney, 33 Texas Civ. App., 626, 78 S. W., 257 (writ denied); Texas Cent. Ry. Co. v. Cameron, 149 S. W., 711 (writ denied); Gulf C. & S. F. Ry. Co. v. Butcher, 83 Texas, 316, 18 S. W., 583.

In our opinion it matters not that the defendant in error had "occasion to go to the end of the platform to attend to his own business." He was returning to get on the train of plaintiff in error and he had as much right to their high degree of care in the final approach to the train as though he was making that approach in the first instance.

We therefore answer the last question in the negative.

We therefore recommend the above as our opinion and answers to the questions for the approval of the Supreme Court.

By the Supreme Court

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.