## SOUTH TEXAS NATIONAL BANK OF LAREDO, Plaintiff,

v.

## UNITED STATES FIRE INSURANCE COMPANY, Defendant.

### Civ. A. No. L–83–34.

United States District Court, S.D. Texas, Laredo Division.

Jan. 10, 1985.

Donato D. Ramos, Laredo, Tex., for plaintiff.

Terry Topham, John W. Davidson, San Antonio, Tex., for defendant.

## ORDER

KAZEN, District Judge.

South Texas National Bank (South Texas) has sued its insurer United States Fire Insurance Company (the company). South Texas seeks to recover under a Banker's Blanket Bond and Excess Fidelity policy (the policy). South Texas asserts that the policy covers its losses caused by the alleged dishonesty and fraudulent acts of its former President, Bristow, and Vice-President, Rios, in connection with loans to Francisco Lerma and his businesses. South Texas claims that it was injured because its former employees misbehaved during the course of their employment. The company has not reimbursed South Texas for this loss. The following motions are pending in this cause: (1) Defendant's motion for partial summary judgment and motion to dismiss, (2) Defendant's motion for leave to amend, and (3) Defendant's motion to compel production of certain portions of federal examiners reports, filed August 24, 1984.

The company first asserts that South Texas cannot proceed under the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon Supp.1984) (D.T.P.A.), because South Texas did not give the company written notice at least thirty (30) days before filing this lawsuit. *Id.*, § 17.50A. This admitted failure to give notice, however, does not require dismissal or judgment for Defendant. When "defect in the notice ...

[is] . . . brought to the attention of the trial court before trial[,] . . . the trial court should . . . abate the proceeding for thirty (30) days." *Hollingsworth Roofing Co. v. Morrison,* 668 S.W.2d 872, 875 (Tex.Civ. App.-Ft. Worth 1984, no writ). The Court would therefore be inclined to abate this action for thirty (30) days to allow the proper notice to be given. A serious question exists, however, as to the validity of a claim directly under the DTPA.

In the first place, it seems from South Texas' responsive brief that it intends to proceed instead under § 16 of article 21.21 of the Insurance Code. Section 16 provides a cause of action to remedy unlawful deceptive trade practices defined in § 4 of the Insurance Code, or in § 17.46 of the DTPA, or in rules and regulations adopted by the State Board of Insurance. Although a plaintiff may not claim breach of warranty or unconscionability under § 16, *Mobile County Mut. Ins. Co. v. Jewell,* 555 S.W.2d 903, 911 (Tex.Civ.-El Paso 1977), *writ ref'd n.r.e., per curiam,* 566 S.W.2d 295 (Tex. 1978), it is not true—as contended by the company—that there is no private cause of action under § 16. *See,* Bragg, Maxwell, & Longley, TEXAS CONSUMER LITIGATION (2d Ed.1983) § 7.03 (Consumer Litigation). Indeed the Texas Supreme Court *per curiam* opinion refusing application for writ of error in *Hi-Line Electric Company v. Travelers Insurance Cos.,* 587 S.W.2d 488 (Tex.Civ.App.-Dallas, 1979), *writ ref. n.r.e., per curiam,* 593 S.W.2d 953 (1980) was apparently written specifically to reject the lower court's holding that suit under article 21.21 of the Insurance Code must be based on the Deceptive Trade Practices Act.

The more difficult issue is which of the so-called "three prongs" described in § 16 apply to this case. The first prong refers to those practices defined in § 17.46 of the DTPA, and only those acts enumerated in § 17.46(b) may be considered. *Mobile County Ins. Co. v. Jewell, supra.* South Texas nowhere alleges in its Second Amended Original Complaint nor intimates in its brief which of the twenty-three specified acts applies to this case. The Court

finds none to be applicable, including those specifically discussed by Judge Higginbotham in *Jay Freeman Co. v. Glens Falls Ins. Co.,* 486 F.Supp. 140 (N.D.Tex.1980). Likewise, under the second prong, nothing in § 4 of article 21.21 seems to apply to these facts. In its brief, South Texas relies primarily on the third prong, namely a practice condemned by "rules or regulations lawfully adopted" by the State Board. Specifically, South Texas invokes Regulation No. 18663, dated December 3, 1971.

Admittedly that Regulation, particularly sections 4 and 5 thereof, contains some rather sweeping definitions of unfair trade practices and misrepresentations. *See, Consumer Litigation* at § 7.04. Nevertheless, despite the Regulation, subsequent Texas cases have consistently held that denial of liability by an insurance company *after* the loss has occurred is not actionable under *either* the DTPA or article 21.21 of the Insurance Code. *American Ins. Cos. v. Reed,* 626 S.W.2d 898, 905 (Tex.Civ.App.-Eastland, 1981, no writ); *General Acc. Fire & Life Assur. Corp., Ltd. v. Legate,* 578 S.W.2d 505, 507 (Tex. Civ.App.-Texarkana, 1979, writ ref'd n.r.e.); *Lone Star Life Ins. Co. v. Griffin,* 574 S.W.2d 576, 580 (Tex.Civ.App.-Beaumont, 1978, writ ref'd n.r.e.). South Texas attempts to distinguish these cases by defining its complaint to be not of a mere denial of coverage but rather of alleged misrepresentations pertaining to such things as when the Company would complete its post-loss investigation and make a decision on the claim. The Court finds this to be a distinction without a difference, particularly in view of the rationale of the above cited cases, namely that a post-loss denial of benefits does not terminate the Company's obligations or extinguish the insured's rights. Also there is no allegation that South Texas did anything in reliance on the alleged misrepresentations or was injured by them in any way other than the injury that would always occur when an insured is not promptly paid its demand. *See, Royal Globe Ins. Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 694 (Tex.1979). It is there-

fore ORDERED that South Texas' claim under the DTPA and § 16 of article 21.21 of the Insurance Code be DISMISSED.

■ The Defendant insurance company also seeks summary judgment on the grounds that South Texas did not comply with the policy provision requiring it to furnish a sworn written proof of loss within 100 days "after discovery of loss". The policy defines discovery as occurring "when the insured becomes aware of facts which would cause a reasonable person to assume that a loss covered by the bond has been or will be incurred, even though the exact amount or details of loss may not then be known." South Texas does not challenge the applicability of these policy provisions. Instead, the main thrust of its response is the invocation of the provisions of article 5546, V.A.T.S., providing that whenever an insurance contract requires notice as a condition precedent to the right to sue, it shall be presumed that such notice has been given unless lack of notice is specially pleaded under oath. This suit is in federal court, however, and the Federal Rules of Civil Procedure contain a provision clearly applicable. Rule 9(c) provides merely that the denial of the performance of a condition precedent "shall be made specifically and with particularity." The Defendant has done this in its original answer and in all subsequent amendments.

This issue in controlled by *Rosales v. Honda Motor Co., Ltd.*, 726 F.2d 259 (5th Cir.1984). There the Court explained that when a federal rule is clearly applicable, the analysis in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), applies. Under that test, this Court concludes that Rule 9(c) does not abridge, enlarge or modify any substantive right and is within the scope of the Rules Enabling Act and a constitutional grant of power. Thus the Court concludes that Rule 9(c), Fed.R.Civ.P., controls over Article 5546 V.A.T.S. In any event, the Defendant has tendered an amended answer which would also comply with the state rule and the Court will GRANT leave to file that amendment.

The issue then becomes whether, under the policy in question, timely filing of a proof of loss is a condition precedent to recovery. South Texas relies on *Aetna Life Ins. Co. v. Tipps*, 98 S.W.2d 375 (Tex. Civ.App.-El Paso 1936, no writ) for the proposition that an untimely filing does not prevent recovery in the absence of a specific policy provision declaring a forfeiture. On the other hand, more recent authorities—including a decision by the Texas Supreme Court—appear to unequivocally hold that where an insurance contract requires proof of loss, a claimant's timely compliance with that requirement is a condition precedent to recovery. *United States Fidelity and Guaranty Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353 (Tex.1971); *General American Life Ins. Co. v. Rodriguez*, 641 S.W.2d 264, 269 (Tex.Civ.App.-Houston [14th Dist.] 1982, no writ). Unfortunately, neither of those decisions contains the wording of the proof of loss provision actually being considered. In *Anchor Casualty Company v. Bowers*, 385 S.W.2d 568 (Tex.Civ.App.-Houston 1964), *rev'd on other grounds*, 393 S.W.2d 168 (Tex.1965) (approves proof of loss analysis), the court held that "where an insurance policy makes the furnishing of a proof of loss a condition precedent to the enforcement of the policy," failure to comply bars recovery. *Id.* at 569. Again, however, the decision fails to describe the policy provision in that case, thus shedding little light on the question of what language is necessary to "make" the timely filing of a proof of loss a condition precedent to recovery. That question is not easily answered, as evident from the many conflicting statements and citations contained in COUCH ON INSURANCE 2d (Rev.ed.), § 49.

One Texas decision which does contain the pertinent policy language is *Federal Surety Co. v. Smith*, 41 S.W.2d 210 (Tex. Comm'n App.1931, holding approved). The policy there required, *inter alia*, that proof of loss must be filed within ninety days after the date of the loss and that no action "shall be brought to recover on this policy prior to the expiration of forty days after

proof of loss has been filed in accordance with the requirements of this policy." *Id.* at 212. The court concluded that this was a valid condition precedent with which the insured must comply in order to recover. The instant policy, in Section 5 of its general conditions and limitations, contains similar language. It provides that the insured shall furnish a sworn proof of loss within six months after discovery of the loss and that legal proceedings for the recovery of any loss shall not be brought prior to the expiration of sixty days after the filing of the proof of loss. Based on *Federal Surety Co. v. Smith, supra,* and other cases cited above, the Court would be inclined to hold that this language made the timely filing of a proof of loss a binding condition precedent to recovery. It appears, however, that this language in Section 5 may have been superseded. The Defendant urges, and South Texas does not challenge, that a separate rider governs this point. That rider purports to be controlling despite anything to the contrary in the attached bond. The rider provides that proof of loss shall be made within 100 days after discovery of loss and that legal proceedings for recovery of the loss shall not be brought after the expiration of 28 months "after the cause of action shall have accrued." The provision that legal proceedings shall not be brought prior to sixty days after the filing of the proof of loss is eliminated, and the rider appears to sever the previous interrelationship between the requirement for filing a proof of loss and the actual filing of suit.

This rider causes the Court to raise the question of whether the proof of loss requirement in the rider is indeed a condition precedent to recovery. The Court invites further briefing on this point, not only as to any legal authorities, but also the circumstances surrounding the insertion of the rider into the policy and why it removes the provision that suit may not be filed until a specified period after the filing of the proof of loss.

█ This issue is potentially quite significant because South Texas, in its reply brief, apparently concedes that its proof of loss was not filed until June 24, 1982. Defendant company insists that this date is more than 100 days after South Texas became aware of facts which would cause a reasonable person to assume that an insured loss had occurred. Although the Court is not prepared to so rule as a matter of law at this time, this argument is not without some force. The Court particularly refers to the evidence that on February 23, 1982, the directors of South Texas authorized the bank's attorney "to calculate the loss resulting from the Lerma indebtedness and to submit a claim to the company for the full amount of the claim." It is difficult to imagine how South Texas could not have discovered the Lerma loss when its directors officially voted to file a claim for that precise loss. On the other hand, the fact that the directors had knowledge of some irregularities and violations would not itself trigger the obligation to notify the company because of the rule that notice is not required until the bank has knowledge of "some specific fraudulent or dishonest act". *Federal Deposit Insurance Corp. v. Lott,* 460 F.2d 82, 87 (5th Cir. 1972). It is undisputed that South Texas had knowledge of at least two specific dishonest acts by Bristow no later than early February 1982 (*see* Exhibits Z1–3, Deposition of Fernando F. Zuniga), but it is not clear that these acts pertained to Francisco Lerma or whether they are the subject of the instant claim. The only specific act of misconduct that the Court can glean from the Second Amended Original Complaint is that Bristow was being given money, gold and an automobile in return for making bad loans. Douglas G. McDonald has furnished an affidavit stating that the bank did not learn of these facts until April 2, 1982. If that be true, and if those are the only specific acts of misconduct known to the bank, the proof of loss may well be timely. The ultimate question would not be when the bank reasonably discovered a loss, but when it reasonably discovered a loss covered by the policy.

SUMMARY

The claim by South Texas for treble damages under the DTPA and under the Insurance Code is DISMISSED. Defendant's motion for leave to file its third amended answer is GRANTED. After reflecting on this memorandum, Defendant shall determine whether it still wishes to pursue the contention that the proof of loss was not timely filed. If so, Defendant shall file no later than February 1, 1985 a supplemental brief addressing the questions of whether or not the proof-of-loss provision in this particular policy is a binding condition precedent and when South Texas acquired knowledge of some specific fraudulent or dishonest act related to the Lerma transactions. South Texas may reply on or before twenty five (25) days thereafter. The Court shall defer resolution of the dispute over discovering the Federal Examiner's reports until the foregoing issues are resolved.