**TEXMARC CONVEYOR COMPANY,**
Appellant,

v.

**Henry F. ARTS, Appellee.**

No. C14–92–00768–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 17, 1993.

Rehearing Overruled Aug. 12, 1993.

Lynne Liberato, Jeff Nobles, Houston, for appellant.

Jim Brown, Frank C. Fariss, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant appeals from a judgment in favor of appellee for principal, interest and attorney fees on a demand note. Henry F. Arts founded Texmarc Conveyor Company (Texmarc) in 1965. He and his family were the sole shareholders until June, 1986, when he sold a majority of shares to Frank Kay. After the sale of the stock, Arts continued working at Texmarc as an employee until the employer-employee relationship deteriorated and Kay terminated Arts on February 16, 1987. The following day, Arts submitted a demand note for $41,770.71 to Kay. After trial to the court, judgment was entered in favor of Arts for the principal amount of the loan, $41,-770.71, plus interest of $30,766.30 and attorney's fees for $7,253.70; Texmarc's counter-claims were denied.

In its first four points of error, appellant states the evidence is legally and factually insufficient to support the trial court's findings that Texmarc made or delivered a promissory note to Arts; that the promissory note was supported by consideration; that the promissory note was fair to Texmarc; and that Betty Arts signed the promissory note in any capacity. In its fifth point of error, appellant asserts there is no evidence that the entries contained in exhibit three, which consisted of several business documents, were made by a person with knowledge. We affirm.

Findings of fact are reviewable for legal and factual sufficiency of the evidence supporting them, conclusions of law are reviewable when attacked as a

matter of law, but not on grounds of factual sufficiency. When both legal and factual sufficiency points are raised we must first examine the legal sufficiency. If we determine the findings are supported by legally sufficient evidence, we must then weigh and consider all the evidence, both in support of, and contrary to, the challenged findings. The trial court's findings must be upheld unless they are so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Fitzsimmons v. Brake Check, Inc.,* 832 S.W.2d 446, 449 (Tex.App.—Houston [14th Dist.] 1992, no writ).

The following findings of fact were entered by the court:

1. Defendant, TEXMARC CONVEYOR COMPANY, a Texas Private Corporation, or about May 25, 1986, made and delivered to HENRY F. ARTS, Plaintiff herein, its certain Promissory Note, dated May 25, 1986 in the original principal sum of $41,770.71, bearing interest at the rate of 10% per annum from and after May 25, 1986, until paid, containing an unconditional promise to pay on demand to the order of Henry F. Arts.

2. Good, valuable and sufficient consideration supported the making and delivery of said Note; to-wit, past and existing bona fide indebtedness of TEXMARC CONVEYOR COMPANY for cash and other valuable property actually advanced and transferred to said TEXMARC CONVEYOR COMPANY by HENRY F. ARTS, individually, when he was shareholder, director, and officer of TEXMARC CONVEYOR COMPANY, as loans and contributions to the credit of said corporation. The indebtedness, at all times material, was reflected in the books of account of TEXMARC CONVEYOR COMPANY.

3. All such transactions between TEXMARC CONVEYOR COMPANY and HENRY F. ARTS, when he was a shareholder, director, and officer of TEXMARC CONVEYOR COMPANY, were fair to TEXMARC CONVEYOR COMPANY.

4. HENRY F. ARTS and BETTY C. ARTS signed said Note as President and Secretary, respectively, of said corporation.

5. Henry F. Arts and Betty C. Arts had actual authority to sign said Note as President and Secretary, respectively, and to bind said corporation upon said Note.

6. Henry F. Arts is the present owner and holder of the Note.

7. Presentment and demand were duly and properly made by the holder upon the maker for payment.

8. No Payments were ever made on and no credits or offsets are due on said Note, either principal or interest or otherwise.

9. No valid credits, payments, counterclaims, demands or offsets are due and owing upon said Note or otherwise, from Cross–Defendant, HENRY F. ARTS, to Cross–Plaintiff, TEXMARC CONVEYOR COMPANY or Cross–Plaintiff, FRANKLIN J. KAY.

10. Interest on the principal of said Note accrued from May 25, 1986 to March 25, 1992, at the rate of 10% per annum, pursuant to the terms of said Note.

11. Attorneys fees of 10% of the total amount of principal and interest found to be due were agreed to by the parties in and according to the terms of said note if handed to any attorney for collection.

12. The Note was handed to and collection prosecuted by Plaintiff's attorney.

Appellant also attacks the following conclusions of law. Appellant does not address the conclusions of law pertaining to cross actions by Texmarc; therefore, those conclusions are not listed.

1. Defendant, TEXMARC CONVEYOR COMPANY, is legally indebted and obligated to pay to Plaintiff, HENRY F. ARTS, and Plaintiff is entitled herein to recover of and from Defendant, TEXMARC CONVEYOR COMPANY, upon the Note, the sums and amounts of:

| | | |
|---|---|---|
| a. | Principal | $41,770.71 |
| b. | Interest | 30,766.30 |
| c. | Attorney's fees | 7,253.70 |

d. Post judgment legal interest at 10% per annum from and after March 25, 1992, upon all such amounts until fully paid.

2. Said $7,253.70 attorney's fees are reasonable.

A promissory note is defined by the TEX. BUS. & COM.CODE ANN. § 3.104(a) and (b). It provides that a writing is a negotiable instrument if it is signed by the maker; contains an unconditional promise or order to pay a sum certain; is payable on demand or at a definite time; and is payable to order or bearer. A writing that complies with these requirements is a "note" if it is a promise other than a certificate of deposit. *Id.*

■ The evidence at trial established that Arts prepared a promissory note dated May 25, 1986. The note was offered and admitted into evidence without objection. The note itself shows that the principal amount due was $41,770.71; the maker of the note was Texmarc; the note was payable on demand to Henry Arts; the note was signed by Arts as president of Texmarc on behalf of Texmarc, and by Betty Arts as secretary of Texmarc. We find the note itself meets the legal requirements of a promissory note.

Appellant does not argue each point of error separately, but argues all five points as if there were but one point of error. This manner of attack upon the trial court's judgment complicates our addressing appellant's contentions. We place this case in the proper context by discussing separately each point of error and the pertinent evidence.

■ In its first point of error, appellant states the evidence is insufficient to find that Texmarc made or delivered a promissory note to Arts. The evidence at trial established that Arts, as president of Texmarc delivered the note to Arts, individually. Arts took the original note home and placed a copy of the note in the corporation's file at the office. After he was terminated, Arts removed the copy from the corporate files and attached the copy to a demand letter and presented it to Kay on February 17, 1987.

From the date the note was prepared, May 25, 1986, until the note was given to Kay on February 17, 1987, approximately eight months later, the note remained in the office file. During that eight months, Kay was in the office and on a daily basis had access to the file cabinet containing the copy of the note. We find the evidence sufficient to show Texmarc made and delivered a promissory note to Arts. We overrule appellant's first point of error.

■ In its second point of error, appellant argues the evidence is insufficient to prove that the promissory note was supported by consideration. Valuable consideration for a contract may consist of *either* a benefit to the promisor *or* a detriment to the promisee. The burden is on appellant to show that there was no consideration. *Clark v. Dedina*, 658 S.W.2d 293, 297 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

■ In support of its argument that there was a failure of consideration, appellant argues Arts' testimony was unclear, contradictory, and based in part on legally inadmissible and irrelevant evidence. Texmarc argues that on the other hand, Texmarc's finance manager, Rosalie Cole, gave clear testimony that showed Arts had withdrawn more money than he put into Texmarc over the years.

Arts testified that during the lifetime of Texmarc he made loans to the corporation whenever there was a short-fall of cash. The corporate books contained the business accounts including the note payable to Arts. Arts testified as to certain contributions he had made to the corporation. One contribution came from an inheritance received by Arts' wife, for $26,000.00. The money was deposited into the company bank account. A second contribution came from Arts' profit-sharing account for $12,000.00, also deposited into the company bank account. A third contribution was for $5,000.00 rent that Arts paid or absorbed. Arts testified he received some pay back on the account from time to time, but that $47,771.00 was the amount due him at the time the note was presented to Kay.

Kay testified that Rosalie Cole, Kay's sister, became an employee of Texmarc in April 1987. Cole is responsible for maintaining the books and records of Texmarc. When Arts presented the demand note, Kay asked Cole to conduct an audit of the notes payable account regarding Arts. Kay testified the audit verified the loans Arts had made to Texmarc. He also testified the audit showed Arts had been repaid in excess and that instead of Texmarc owing Arts approximately $41,000.00, Arts owed Texmarc approximately $9,000.00. However, Cole testified that the audit revealed Arts was overpaid by $3,450.00. Cole testified she began the audit with figures for January 1, 1981. She did not determine any amounts paid to Texmarc or received by Arts prior to 1981.

The note drawn by Arts was given in satisfaction of payment or security for the preexisting debt the corporation owed to Arts before he sold the majority of stock to Kay. We find the evidence sufficient to show that the promissory note was supported by consideration. We overrule appellant's second point of error.

In its third point of error, appellant argues the promissory note was not fair to Texmarc because the note was not disclosed to any other director or stockholder; the note was never submitted to the board of directors for approval; and the note was prepared as a "secret weapon" during a change in corporate ownership. The trial court did not make any findings of facts on these specific issues. The trial court's finding of fact that the transactions between Arts and Texmarc were "fair" is broad and ambiguous.

Because appellant did not request specific findings of fact on these issues and because the trial court did not make any findings of facts on disclosure or violation of the corporate by-laws, appellant did not preserve these points for our review. *See* TEX.R.CIV.P. 299. "When the trial court files findings that do not establish any element of the ground of defense, the party relying upon that defense must file a request for additional findings such as to avoid waiver of that defense on appeal...

An express finding of fact cannot extend by implication to cover independent grounds of defense." *Pinnacle Homes v. R.C.L. Offshore Engineering*, 640 S.W.2d 629, 630–31 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Although appellant did not preserve these issues for our review, and we overrule its third point of error on this basis, we nevertheless address the pertinent evidence.

Appellant contends that no Texas court has ever upheld the fairness of a contract involving an interested director in the absence of full disclosure. Appellant also argues Arts' testimony that he "furnished" the demand note by placing a copy in a company file cabinet does not indicate Arts fulfilled his duties of full disclosure. Appellant contends that as a corporate director Arts had a fiduciary duty to ensure fairness of the transaction. Appellant further contends that under Texmarc's by-laws, Arts had no authority to give himself a demand note that indebted Texmarc to Arts.

Appellant contends the bylaws provided that the president could sign only contracts authorized by the board of directors and signed by the secretary of Texmarc. Appellant argues that because the bylaws were not followed, the note is not binding on the corporation. But, the bylaws also provided that any contract approved or ratified by a majority of the shares represented in person shall be valid and binding upon the corporation. At the time the note was created, Texmarc was a one-man company and Arts and his family owned the majority of stock.

Kay testified that at the time he purchased the stock in June 1986, he was given a financial statement that reflected certain liabilities. The balance sheet showed a balance due of $86,770.71 for notes payable, long-term. Arts testified the $86,770.71 represented $41,770.71 he had loaned to Texmarc and a $45,000.00 note due to Kay. When Arts' attorney asked Kay what the $86,770.71 represented, Kay responded that it did not mean anything, it was just a figure of Arts' imagination. Kay did admit; however, that

if the $45,000.00 loan to him was subtracted from the total notes payable of $86,770.71, the difference of $41,770.71 would be the exact amount of the demand note from Arts. The long term note due of $86,770.71 was also shown on the 1986 federal tax return for Texmarc, which was signed by Kay.

Appellant also argues the note was not fair because the note was a "golden parachute" of Arts' own creation. This argument is misplaced. The term "golden parachute" refers to a provision in an employment contract that protects key executives in the event of a change in ownership or control within the company. *Sealock v. Texas Federal Sav. & Loan Ass'n*, 755 S.W.2d 69, 70–71 (Tex.1988). There is nothing in the record indicating Arts considered the demand note to be a "golden parachute" and there is no evidence in the record of an employment contract.

The evidence shows the liability for the note was disclosed to Kay prior to the completion of the stock sale. The note was included in the category, "notes, long-term payable" on the balance sheet, which was a part of the stock purchase agreement. The note was also disclosed on the corporation's tax return, which was signed by Kay. A copy of the note was placed in the corporate file and Kay had access to all corporate files on a daily basis. In addition, although the trial court did not make a finding of fact on the issue of compliance with the by-laws, the trial court did find that Arts had authority to sign the note and to bind the corporation. We overrule appellant's third point of error.

In its fourth point of error, appellant complains the trial court erred in finding Betty Arts, secretary of the corporation, had actual authority to sign the note and to bind Texmarc.

Although Betty Arts' signature is on the note itself, appellant contends there was no testimony that the purported signature of Betty Arts on the demand note was genuine. Appellant did not raise this objection at trial; the note was admitted into evidence without objection. Again, appellant failed to request a finding of fact as to the genuineness of Betty Arts' signature. We overrule appellant's fourth point of error.

In its fifth point of error, appellant argues the trial court erred in admitting appellee's exhibit three, which consists of several documents, including general ledger entries. Appellant contends there is no evidence that the entries contained in the exhibit were made by a person with knowledge.

In reviewing a "no evidence" point of error, we are to consider only the evidence and inferences that tend to support challenged findings, and will disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the findings, the "no evidence" challenge can not be sustained. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). To be admissible, business records must be shown to be:

> made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . .

Tex.R.Civ.Evid. 803(6).

Three documents included in the exhibit related to an inheritance check for $26,000.00 sent to Arts' wife, Betty. Two other documents in the exhibit were a deposit slip for Texmarc's bank account for $32,519.28 and a copy of a bank statement, identified by Arts as being a bank statement for Texmarc. Other documents consisted of parts of a ledger detail for Texmarc's accounting system, described as cash receipt and notes payable long-term.

Appellant objected to the admission of exhibit three on the grounds that Arts did not have personal knowledge of each ledger entry. Arts testified the books were kept by him and a secretary on a daily basis. Arts testified he did not have personal knowledge of every detail entered on

the ledger detail dated September 30, 1984. But, he did testify that he had personal knowledge of the deposit for $26,000.00 because he was the one who got the check, prepared the deposit, and took it to the bank. Arts' counsel told the court that the bank statement was Texmarc's bank statement and Arts certainly had knowledge of the bank statement because Arts was president of the company and had control of the company books. Arts' counsel advised the court that everything else in the exhibit could be stricken. Texmarc's counsel objected stating it had not been established that the books and records were under Arts' care, custody and control, and that Arts had testified he did not have personal knowledge of certain entries. Upon questioning by his counsel, Arts testified that the entries and records were prepared when Arts was president of Texmarc; Arts had care, custody and control of the records; the records were prepared at the time the transaction or event took place; and the records accurately reflected the transactions or events.

Art testified as to portions of the exhibit: the bank statement; the deposit slip; and the $26,000.00 check he loaned to the company. Arts' testimony clearly establishes that he had first hand knowledge for each individual item he testified about. The entries contained in the exhibit were made by a person with knowledge. We overrule appellant's fifth point of error.

We find the trial court's findings of fact and conclusions of law are supported by legally and factually sufficient evidence and that the findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. Accordingly, we affirm the judgment of the trial court.