Opinion issued January 17, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00566-CV






VIJAY K. NAYYER, Appellant


V.


GREENBRIAR PLACE MAINTENANCE ASSOCIATION, Appellee






On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 815476






MEMORANDUM OPINION


 In this dispute over maintenance assessments, appellant, Vijay K. Nayyer,
challenges the judgment of the trial court that found in favor of appellee, Greenbriar
Place Maintenance Association ("Greenbriar"). In five issues on appeal, Nayyer
argues that (1) Greenbriar breached a contract; (2) the trial court erroneously
determined damages; (3) the trial court erroneously determined interest; (4) the award
of attorney's fees was in error; and (5) the trial court improperly denied Nayyer's
claims for offsets, motion to compel, motion for continuance, and motion for new
trial.

 We affirm.

Background


 Greenbriar, a Texas non-profit corporation, was created to act on behalf of
Greenbriar Place North Venture ("GPNV"), a joint venture of RDC, Inc. and First
Realty Investment Corporation. In 1981, GPNV made a Declaration of Protective
Covenants (the "Declaration") that created Greenbriar to levy assessments for the
operation of common areas, easements, and other responsibilities of land owned by
GPNV. Nayyer owns property that is governed by the Declaration. Greenbriar
asserted that Nayyer owed $18,442.10 in assessments from December 31, 2000 until
December 31, 2004. Greenbriar asserted, in pertinent part, causes of action for breach
of contract, and it sought attorney's fees pursuant to section 11.05 of the Declaration. 
Nayyer answered and argued that (1) the statute of limitations precluded Greenbriar's
claims; (2) he did not receive a demand letter as required by the Declaration; (3)
attorney's fees are not recoverable; (4) he offered to settle; (5) Greenbriar is in breach
of their contract because (a) Nayyer has not received complete financial records of
the association, (b) Nayyer did not receive a demand letter, (c) the association's
maintenance obligations have not been performed, (d) Nayyer has not received annual
assessment notices and meeting notices, (e) directors have been paid illegally, (f) the
association has misused corporate funds, (6) "plaintiff's failure of consideration"; and
(7) Greenbriar caused Nayyer duress and emotional suffering for its unlawful
demands and discriminatory treatment. Nayyer also filed a counterclaim for (1)
through (7) mentioned above.

 On July 25, 2005, the case proceeded to trial. On August 11, 2005, the trial
court signed a final judgment in favor of Greenbriar that awarded $25,339.45 in
actual damages and $8,000 in attorney's fees. Greenbriar filed a motion for new trial
asserting that the trial court erred by awarding only $8,000 in attorney's fees because
the evidence conclusively established that total attorney's fees were $18,997.95, and
it was not controverted. On September 28, 2005, the trial court granted Greenbriar's
motion for new trial. After the new trial, on March 10, 2006, the trial court signed
a final judgment in favor of Greenbriar, awarding $21,157.88 for actual damages,
$20,000 in attorney's fees, prejudgment interest, and $5,000 in attorney's fees in the
event of an appeal to the Supreme Court of Texas.

 On May 2, 2006, the trial court issued the following pertinent findings of fact:

 3. On or about October 1, 1981, [Greenbriar] was created as
a Texas non-profit corporation acting on behalf of
Greenbriar Place North Venture, a joint venture of RDC,
Inc. and First Realty Investment, Corp. On that day, a
Declaration of Protective Covenants ("Declaration") was
executed, with said Covenants being applicable to all the
property located in Greenbriar Place North, Section One.


 4. Under the Declaration, [Greenbriar] is empowered with the
authority to levy maintenance assessments as necessary for
the operation of the common areas, easements, and other
responsibilities in Greenbriar Place North, Section One. 
The specific authority to levy maintenance assessments is
found in Article XI of the Declaration. The tract of land in
question owned by NAYYER is part of the property over
which [Greenbriar] has such authority. Additionally,
[Greenbriar] is empowered to attach a lien against any
property under its authority to insure payment by the
property owner of said maintenance assessments. 


 5. Pursuant to its authority under the Declaration,
[Greenbriar] levied a maintenance assessment against
NAYYER's property in the amount of $3,688.42 on
December 31, in each of the following years: 2000, 2001,
2002, 2003, and 2004. NAYYER did not pay these
maintenance assessments. [Greenbriar] also assessed
various late fees and service charges, which resulted in
NAYYER owing a total amount of $25,339.45. NAYYER
made a partial payment at some point but after all offsets
and credits, NAYYER still owes [Greenbriar] $21,157.88.


 6. [Greenbriar] sent NAYYER three (3) separate letters
demanding payment of the maintenance assessment
amounts owed but NAYYER failed to make the demanded
payments. Those letters were sent to NAYYER on August
2, 2002, July 30, 2003 and February 3, 2005, all of these
dates being more than 30 days before the trial of this cause.


 7. Pursuant to Article 1.05 of the Declaration, [Greenbriar] is
entitled to recover its reasonable attorneys fees and costs
associated with the collection of any maintenance
assessments. [Greenbriar] incurred reasonable and
necessary attorney's fees of $20,000.00 in collecting the
maintenance assessments, late fees, and service charges
owed by NAYYER.


 The trial court made the following pertinent conclusions of law:

 2. That the Declaration is a valid and binding agreement
between [Greenbriar] and NAYYER which affects
NAYYER's property located in Greenbriar Place North,
Section One.


 3. NAYYER breached the contract between the parties when
he failed to pay the annual maintenance assessments levied
by [Greenbriar] in the years 2000 through 2004, inclusive.


 4. [Greenbriar] has suffered damages in the amount of
$21,157.88 as a result of NAYYER's breach and is entitled
to recover those damages.


 6. [Greenbriar] sought and is entitled to recover from
NAYYER $20,000 as reasonable and necessary attorney's
fees for the trial of this cause.


 10. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of breach of contract.


 11. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of statute of limitations.


 12. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of failure of consideration.


 13. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of duress and emotional
sufferings.


 14. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of failure to meet
conditions for recovery of attorney's fees.


 15. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of failure to demand
payment of debt.


 16. NAYYER did not prove by a preponderance of the
evidence his affirmative defense of offers of settlement.


 Standard of Review


 In an appeal of a judgment rendered after a bench trial, the trial court's findings
of fact have the same weight as a jury's verdict, and we review the legal and factual
sufficiency of the evidence used to support them just as we would review a jury's
findings. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); In re K.R.P., 80
S.W.3d 669, 673 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). When
challenged, a trial court's findings of fact are not conclusive if, as in the present case,
there is a complete reporter's record. In re K.R.P., 80 S.W.3d at 673; Amador v.
Berrospe, 961 S.W.2d 205, 207 (Tex. App.--Houston [1st Dist.] 1996, writ denied). 
When a party without the burden of proof at trial challenges the legal sufficiency of
the evidence, we consider all of the evidence in the light most favorable to the
prevailing party, indulging every reasonable inference in that party's favor. Assoc.
Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). If
there is any evidence of probative force to support the finding, i.e., more than a mere
scintilla, we will overrule the issue. Formosa Plastics Corp. USA v. Presidio Eng'rs
& Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). In our review of the factual
sufficiency of the evidence, we must consider and weigh all of the evidence, and we
will set aside a verdict only if the finding is so against the great weight and
preponderance of the evidence, that it is clearly wrong and unjust. Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996). We review a trial court's conclusions of law de novo. 
In re Moers, 104 S.W.3d 609, 611 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 
We independently evaluate a trial court's conclusions to determine their correctness,
and we will uphold conclusions on appeal if the judgment can be sustained on any
legal theory supported by the evidence. Id.

Analysis


 Breach

 In his first issue, Nayyer argues that the evidence showed that Greenbriar
breached the Declaration. Nayyer argues that Greenbriar had maintenance
obligations which were not performed from the years 2000 to 2003. He also contends
that Greenbriar breached the Declaration because he "never received any notices of
the Association Board Members Selection Meetings, neither [has he] received any
notices of the Annual Meetings." We construe Nayyer's arguments to be a challenge
to the trial court's tenth conclusion of law, which held that Nayyer did not prove his
breach of contract counterclaim by a preponderance of the evidence. 

 Nayyer relies on the testimony of John Perrone, a CPA for Greenbriar. Perrone
testified that no maintenance occurred in 2001 or 2002. Perrone testified that the
county had previously mowed the property but that Greenbriar had no money because
certain property owners had not paid their assessments over the years. Nayyer
disputes Perrone's claim that the Association had no money in its account. 

 The elements for breach of contract are (1) the existence of a valid contract, (2)
the plaintiff's performance or tendered performance, (3) the defendant's breach of the
contract, and (4) damages as a result of the breach. Wright v. Christian & Smith, 950
S.W.2d 411, 412 (Tex. App.--Houston [1st Dist.] 1997, no writ). Nayyer presented
no evidence that he performed under the terms of the Declaration and no evidence of
his damages. Accordingly, we conclude that the trial court's tenth conclusion of law
is correct.

 We overrule Nayyer's first issue.

 Offset

 In his second issue, Nayyer argues that the trial court's award of $21,157.88 
was incorrect because it did not take his offsets into account. Specifically, Nayyer
argues that the Association 

collected more assessments (counter to the Declaration, Article XI,
11.01) which were not expensed for each of the Years 2000 through
2004. . . . Therefore, the Association generat[ed] Income of $37,161,
$46,318, $33,277, $26,749 and $4,907 for Years 2000 thru 2004
respectively. Appellant has a proportionate [share] of its ownership
Claim/Offset for this excess Association Collection (Income) . . . ." 


 Here, the trial court made no findings or conclusions on Nayyer's affirmative
defense of offset. The record does not indicate that Nayyer requested additional
findings of fact or conclusions of law on his affirmative defense. If a trial court's
original findings do not include any findings on a party's defense, the party relying
on that defense must request additional findings of fact or the defense is waived.
Texmarc Conveyor Co. v. Arts, 857 S.W.2d 743, 747 (Tex. App.--Houston [14th
Dist.] 2000, no pet.); Cotten v. Weatherford Bancshares, Inc., 187 S.W.3d 687,
708-09 (Tex. App.--Fort Worth 2006, pet. denied); see also Tex. R. Civ. P. 298. 
Thus, Nayyer has not preserved this issue. 

 We overrule Nayyer's second issue.

 Interest

 In his third issue, Nayyer argues that Greenbriar's charge of 12 percent interest
on the overdue assessments is incorrect. 

 The trial court made no findings or conclusions on Nayyer's dispute regarding
the interest calculation. The record does not show that Nayyer requested additional
findings of fact or conclusions of law on this issue. Accordingly, Nayyer has not
preserved this issue. Texmarc, 857 S.W.2d at 747; Cotten, 187 S.W.3d at 708-09;
see also Tex. R. Civ. P. 298. 

 We overrule Nayyer's third issue.

 Attorney's Fees

 In his fourth issue, Nayyer argues that the trial court's award of attorney's fees
was unnecessary and unreasonable. Within his fourth issue, Nayyer raises two sub-issues. First, he argues that section 16.004 of the Texas Civil Practice and Remedies
Code precludes the trial court from awarding attorney's fees to Greenbriar. Second,
he argues that section 42.004 of the Texas Civil Practice and Remedies Code and
Rule 167 of the Texas Rules of Civil Procedure preclude the trial court from awarding
litigation costs. We address these in turn.

 In his first sub-issue, Nayyer argues that section 16.004 of the Texas Civil
Practice and Remedies Code precludes the trial court from awarding attorney's fees
to Greenbriar. Section 16.004 provides a four-year statute of limitations when a party
attempts to collect on a debt. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004
(Vernon 2002). However, as demonstrated in the trial court's fifth finding of fact, the
attorney's fees were awarded for Nayyer's failure to pay a debt for the years of 2000
to 2004. Greenbriar's attempt to collect was within the four-year statute of
limitations. Thus, we overrule Nayyer's first sub-issue.

 In his second sub-issue, Nayyer argues that section 42.004 of the Texas Civil
Practice and Remedies Code and Rule 167 of the Texas Rules of Civil Procedure
preclude the trial court from awarding litigation costs. Section 42.004 provides that
"if a settlement offer is made and rejected and the judgment to be rendered will be
significantly less favorable to the rejecting party than was the settlement offer, the
offering party shall recover litigation costs from the rejecting party." Tex. Civ. Prac.
& Rem. Code Ann. § 42.004 (Vernon Supp. 2007). A judgment will be significantly
less favorable to the rejecting party than is the settlement offer if: (1) the rejecting
party is a claimant and the award will be less than 80 percent of the rejected offer; or
(2) the rejecting party is a defendant and the award will be more than 120 percent of
the rejected offer. Id. 

 Here, Nayyer attempted to settle for $26,000. The trial court's judgment
awarded $21,157.88 in actual damages and $20,000 in attorney's fees. Nayyer's
settlement offer was not within 80 percent of the trial court's judgment. Thus, we
overrule Nayyer's second sub-issue.

 We overrule Nayyer's fourth issue.

 Denial of Motions

 In his fifth issue, Nayyer argues four sub-issues. In his first sub-issue, Nayyer
argues that the trial court erred in denying him offsets. In his second sub-issue,
Nayyer argues that the trial court erred in denying his motion for continuance. In his
third sub-issue, Nayyer argues that the trial court erred in denying his motion to
compel. In his fourth sub-issue, Nayyer argues that the trial court erred in denying
his motion for new trial. We need not address Nayyer's first sub-issue because we
have already concluded that his offset issue was not preserved. We address his
remaining sub-issues in turn.

 In his second and third sub-issues, Nayyer contends that the trial court erred
in denying his motion for continuance and his motion to compel. 

 The appellate record consists of the clerk's record and, if necessary to the
appeal, the reporter's record. Tex. R. App. P. 34.1. The attachment of documents as
exhibits or appendices to briefs is not formal inclusion in the record on appeal, and,
therefore, the documents cannot be considered. Till v. Thomas, 10 S.W.3d 730, 734
(Tex. App.--Houston [1st Dist.] 1999, no pet.); Nguyen v. Intertex, Inc., 93 S.W.3d
288, 293 (Tex. App.--Houston [14th Dist.] 2002, no pet.). The appellate record does
not contain a motion to compel. Attached to Nayyer's brief are a number of
documents, including a motion to compel. However, because the motion to compel
is not part of the appellate record in this case, we may not consider it. See Wright v.
Sage Engineering, Inc., 137 S.W.3d 238, 254 (Tex. App.--Houston [1st Dist.] 2004,
no pet.).

 Regarding his motion for continuance, Nayyer neither requested a hearing on
the motion nor obtained a ruling from the trial court. A party moving for continuance
must obtain a written ruling on its motion in order to preserve a complaint for
appellate review. See Tex. R. App. P. 33.1; Mitchell v. Bank of Am., N.A., 156
S.W.3d 622, 625-26 (Tex. App.--Dallas 2004, pet. denied). Because Nayyer did not
obtain a written ruling on his motion for continuance, he failed to preserve this
complaint for appellate review. See Tex. R. App. P. 33.1.

 We overrule Nayyer's second and third sub-issues. 

 In his fourth sub-issue, Nayyer argues that the trial court erred in denying his
motion for new trial. 

 The standard of review of the denial of a motion for new trial is abuse of
discretion. Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899
(Tex. 1988) (orig. proceeding). A trial court abuses its discretion when it acts in an
arbitrary or unreasonable manner, or if it acts without reference to any guiding rules
or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

 In his motion for new trial, Nayyer contends that Greenbriar breached the
Declaration and that the attorney's fees awarded were unreasonable. Because we
have already concluded that Nayyer presented legally insufficient evidence of
Greenbriar's breach of the Declaration, we conclude that the trial court did not abuse
its discretion in overruling Nayyer's motion for new trial on this ground. Because
Nayyer's complaint on the award of attorney's fees is contingent on Greenbriar's
breach of the Declaration, we also conclude that the trial court did not abuse its
discretion in overruling Nayyer's motion for new trial on the issue of attorney's fees. 
 We overrule Nayyer's fourth sub-issue.

 We overrule Nayyer's fifth issue on appeal.






Conclusion


 We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.